WILKINSON, Circuit Judge,
dissenting:
Embezzlement is a theft. Ask the person seated next to you, He or she will tell you that it is. -
*122 The majority says not. Come again? The majority says embezzlement is not a form of theft.
It is from that proposition that I respectfully dissent.
The Immigration and Nationality Act declares that any “theft offense (including receipt of stolen property) ... for which the term of imprisonment is at least one year” is an aggravated felony. 8 U.S.C. § 1101(a)(43)(G). This broad, generic language embraces a variety of offenses, and the plain meaning of “theft” makes clear that Mena’s conviction under 18 U.S.C. § 659 is a theft offense.
The majority believes that embezzlement is not a theft because the owner of the funds voluntarily entrusts them to the embezzler. That totally ignores the fact that the whole purpose of the entrustment is for an honest stewardship of the funds. The betrayal of that purpose through embezzlement is purely and simply theft.
Theft is defined as “[bjroadly, any act or instance of stealing, including larceny, burglary, embezzlement, and false pretenses.” Theft, Black’s Law Dictionary (10th ed. 2014) (emphasis added). In common parlance, theft means “the action or crime of stealing.” Concise Oxford English Dictionary 1494 (11th ed. 2004). At the core of these definitions is a singular concept: theft happens when property is taken without any semblance of consent.
The parenthetical “(including receipt of stolen property)” reinforces § 1101(a)(43)(G)’s broad meaning. “Stolen property” means “goods acquired by,” among other means, “theft.” Stolen Property, Black’s Law Dictionary (10th ed. 2014). Stolen property thus includes property taken through any of the common-law means that make up theft. This is consistent with the definition of the verb “steal”: “[t]o take (something) by larceny, embezzlement, or false pretenses.” Steal, Black’s Law Dictionary (10th ed.2014) (emphasis added). “Including,” furthermore, means “ ‘containing]’ or ‘comprising] [ ] part of a whole.’ ” Chickasaw Nation v. United States, 534 U.S. 84, 89, 122 S.Ct. 528, 151 L.Ed.2d 474 (2001) (citing Webster’s Ninth New Collegiate Dictionary 609 (1985)). Its use in conjunction with parentheses “emphasizes the fact that that which is within is meant simply to be illustrative ... a circumstance underscored by the lack of any suggestion that Congress intended the illustrative list to be complete.” Id. at 89, 122 S.Ct. 528. Far from narrowing the meaning of “theft offense,” the parenthetical thus suggests that offenses similar to “receipt of stolen property” (i.e., receipt of embezzled property) are covered by the statute.
This plain meaning of theft is underscored by the fact that the INA uses the term “theft offense” in a generic sense. Its meaning therefore “roughly corre-spondes] to the definitions” of theft found “in a majority of the States’ criminal codes.” See Taylor v. United States, 495 U.S. 575, 589, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Those codes, meanwhile, had by the time of § 1101(a)(43)(G)’s 1994 enactment largely adopted the Model Penal Code’s policy of consolidating various common law offenses, including larceny, extortion, blackmail, and embezzlement, into unitary theft offenses. J.A. 6, citing In re Cardiel-Guerrero, 25 I. & N. Dec. 12, 21 (BIA 2009); see also Model Penal Code § 223.1(1) (“Conduct denominated theft in this Article constitutes a single offense.”). A generic definition of theft accordingly includes embezzlement.
The majority explicitly abjures common sense, i.e. plain meaning, in its approach to this problem. Maj. Op. at 119. But the categorical approach is supposed to *123 “serve[] practical purposes.” Moncrieffe v. Holder, — U.S. -, 133 S.Ct. 1678, 1690, ,185 L.Ed.2d 727 (2013). Common sense (or plain meaning, or practicality), as we all seemingly acknowledge, would lead us to reject petitioner’s position. Petitioner Mena was convicted under the second paragraph of 18 U.S.C. § 659, which criminalizes receipt of stolen . or embezzled property. He argues that he nonetheless has not committed a theft offense. But it is wrong to think that § 659’s coverage of receipt of embezzled property somehow takes it beyond the realm of theft.
Like theft, embezzlement is also' stealing. And “distinctions between” different types of stealing “serve no useful purpose in the criminal law but are useless handicaps from the standpoint of the administration of criminal justice.” Rollin M. Perkins & Ronald Boyce, Criminal Law, 389-90 (3d ed. 1982). Like a victim of traditional larceny, a victim of embezzlement does not “consent” to the loss of his property. . Nor-does a victim of embezzlement, like a victim of larceny, “consent” to the involvement of a third party when his property is transferred. Both victims consider their property stolen.
Petitioner rejects this view, relying on our earlier decision in Soliman v. Gonzales. In that case, we held that an INA “theft offense” must involve a taking without consent. 419 F.3d 276, 283 (4th Cir.2005). But even if it were not already silly to suggest that one “consents” to the embezzlement of one’s property, see Pet’r’s Br. at 18, Solimán had no occasion to consider the problem before us now. The predicate offense in Solimán was credit card fraud. 419 F.3d at 278. The court thus did not consider how to evaluate receipt offenses under the INA. And the plain meaning of “(including receipt of stolen property),” 11 U.S.C. § 1101(a)(43)(G), requires that Mena’s conviction be treated as a theft offense.
The majority views this as an unfair result. It contends that embezzlement (as opposed to receipt of embezzled property) is not itself an aggravated felony unless the amount embezzled exceeds $10,000. Maj. Op; at 120-21. Making receipt of embezzled property an aggravated felony would thus risk, in the majority’s view, treating the lesser criminal more harshly than the greater one. But this reasoning assumes that the original embezzler is not also guilty of a theft,offense — an incorrect assumption. And even if the majority’s understanding were correct, several considerations limit its relevance. First, fairness in the treatment ■ of ■ the family of embezzlers is more' properly addressed during their individual sentencings. Second, § 1101(a)(43)(G) contains a safeguard. The term of imprisonment for any predicate theft offense must be “at least one year.” Mena, for example, was sentenced to. sixty months of incarceration. Minor receipt of embezzled property offenses thus, still avoid aggravated-felony status. Finally, if the point of the categorical approach, properly adopted by the majority, is to compare the elements of predicate against generic INA offenses, then the majority’s concerns are not only misplaced but irrelevant. The capacious terms of § 1101(a)(43)(G) embrace Mena’s 18 U.S.C. § 659 conviction, and we are obliged to respect that legislative choice.
This case is much less complicated than the majority makes it. To repeat: embezzlement is a theft. Just ask the person two rows down.